# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH REYNOLDS, on behalf of<br>himself and all others similarly<br>situated, | ) ) ) | |
| | ) | 8:15CV25 |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| | ) | FINDINGS AND |
| ARL CREDIT SERVICES, INC.,<br>DONETTE JABLONSKI, and<br>RICHARD JABLONSKI, | ) ) ) | RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Unopposed Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Notice to Class (filing 29). The undersigned will recommend to Chief District Court Judge Laurie Smith Camp that Plaintiff's Motion be granted.

## BACKGROUND

Plaintiff filed this action on January 15, 2015, alleging that Defendants violated that Fair Debt Collection Practices Act and the Nebraska Consumer Protection Act. The Complaint alleges that Defendants sent debt collection letters to Nebraska consumers that do not clearly state the amount of debt owed and threaten to take legal action. (Filing 1.)

The parties have reached a class-wide settlement. The proposed class is as follows: "All Nebraska residents who were sent a letter in the form of Exhibit A to the Complaint, by Defendants, in attempt to collect a debt incurred for personal, family or household purposes, during the period January 15, 2014 through the date of preliminary approval of class certification." (Filing 31-2.)

The Settlement Agreement provides in summary that Defendants will pay $15,120 into a Settlement Fund as statutory damages. Defendants will also pay the notice and

administration costs.  Plaintiff will request an award of $3,500 as statutory damage and a class representative fee.  Additionally, Plaintiff's counsel may apply for attorneys' fees and costs, which will either be submitted in the context of an opposed motion, or will be submitted to the Court as an unopposed request for up to a certain amount of fees and costs. (Filing 31-1.)

At this time, Plaintiff seeks an order certifying the class for purposes of settlement, preliminarily approving the terms of the settlement, approving the form and method for providing class-wide notice, and scheduling a final approval hearing.

## DISCUSSION

Plaintiff seeks class-certification for purposes of settlement.  Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").  Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual suits.  *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982).  "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an issue that is central to the validity of each class member's claims." *Henggeler v. Brumbaugh & Quandahl P.C., LLO*, No. 8:11CV334, 2013 WL 5881422, *3 (D. Neb. Oct. 25, 2013) (quotation omitted).  The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff."  *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted).  The adequacy of representation element concerns "whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and

vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Fed. R. Civ. P. 23(b). Rule 23(b)(3) provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23.

The undersigned preliminarily finds, for purposes of settlement only, that the requirements of Rule 23 have been met and that the proposed class should be certified. Plaintiff represents that the proposed class will consist of approximately 750 members, and numerosity is not disputed. Moreover, the primary legal and factual issues surrounding Defendants' alleged conduct in sending out improper collection letters are common to all class members. Class members would have similar grievances as the named Plaintiff and class members' claims would likely be based on the same legal theories. Also, the adequacy of representation requirement has been met because Plaintiff's common interests with the members of the class ensure that the class will be fairly and adequately protected.

The Rule 23(b)(3) requirements are likewise satisfied. Common questions predominate over any questions affecting only individual members. Also, certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotation omitted). A class action is superior to other methods of fairly adjudicating the controversy.

Further, the undersigned finds that the proposed form and manner of notice should be approved as it satisfies Fed. R. Civ. P. 23 and provides the best notice that is practicable under the circumstances. Fed. R. Civ. P. 23.

Plaintiff also seeks an order preliminarily approving the terms of the parties' settlement agreement. "In considering preliminary approval of a proposed settlement in a

class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice." *Smith v. Gurstel Chargo, PA*, No. 8:14CV183, 2014 WL 6453772, *3 (D. Neb. Nov. 17, 2014). The undersigned has reviewed the proposed settlement agreement and preliminarily finds that the terms of the agreement are within the range of possible approval. It appears that the agreement's terms are fundamentally fair, reasonable, adequate and in the best interest of the class members. Plaintiff has shown that the settlement is the result of arms-length negotiations and that counsel has considerable experience in class action litigation.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp that:

1.  Plaintiff's Unopposed Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Notice to Class (filing 29) be granted;

2.  The Proposed Order for Preliminary Approval of Class Settlement (filing 31-2) be approved; and

3.  The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable, and adequate.[1]

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED October 14, 2015.**

                    **BY THE COURT:**

                    **S/ F.A. Gossett**
                    **United States Magistrate Judge**

---

[1] The parties request that the Court set this matter for a final fairness hearing no sooner than December 18, 2015.