IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH REYNOLDS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ARL CREDIT SERVICES, INC., DONETTE JABLONSKI, AND RICHARD JABLONSKI,<br><br>Defendants. | 8:15CV25<br><br>ORDER |

This matter came on before the Court on the Unopposed Motion (Filing No. 29) for Certification of Settlement Class and for Preliminary Approval of Settlement ("Proposed Settlement"). The terms of the parties' agreement are set forth in a Settlement Agreement dated September 10, 2015 (the "Agreement") (Filing No. 31-1). All capitalized terms in this Order shall have the meanings given them in the Agreement. Also before the Court are the Findings and Recommendation (Filing No. 32) issued by Magistrate Judge F.A. Gossett, recommending that the Unopposed Motion be granted, and the Proposed Order (Filing No. 31-2) be approved. The Court has reviewed the Agreement, its exhibits, and other submissions of the parties, and has considered the entire record in this case. The Court concludes that the Findings and Recommendation should be adopted, and the Motion should be granted. Accordingly, under Federal Rule of Civil Procedure 23(e):

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 32) issued by Magistrate Judge F.A. Gossett are adopted in their entirety.

2. Plaintiff's Unopposed Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Notice to Class (Filing No. 29) is granted.

3. The agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement and the Exhibits attached hereto, are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

4. For purposes of the Proposed Settlement only, the Court hereby certifies plaintiff's class, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All Nebraska residents who were sent a letter in the form of Exhibit A to the Complaint, by Defendants, in attempt to collect a debt incurred for personal, family or household purposes, during the period January 15, 2014 through the date of preliminary approval of class certification.

The foregoing is the "Settlement Class," and its members are "Class Members."

In support of this Order, the Court finds as follows:

The parties do not dispute, and the Court finds, consistent with the Magistrate Judge's conclusion, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

There are questions of law and fact common to all Class Members. Such questions include, but are not necessarily limited to, the following:

> Whether letters sent in the form of Exhibit A to the Complaint (Filing No. 1-1) violated the Fair Debt Collection Practices Act and Nebraska Consumer Protection Act.

Plaintiff's claims are typical of the claims of the members of the Settlement Classes. Plaintiff is a member of the Settlement Class and alleges that the same conduct of Defendants applies to him as well as the other members of the Settlement

Class. Plaintiff's claims are not in conflict with, or antagonistic to, the claims of the Settlement Classes as a whole. The claims of Plaintiff and other members of the Settlement Class are based upon corresponding theories.

Plaintiff, as Class Representative, and Class Counsel can fairly and adequately represent the interest of the Settlement Class.

Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

5.      If for any reason the Agreement ultimately does not become effective, Defendants' conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the date of the Settlement Agreement, and nothing stated in the Agreement and in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

6.      Having reviewed the proposed Notice of Proposed Class Action Settlement attached as Exhibit B to the Agreement, the Court hereby approves such Notice and directs that Defendants cause the Notice to be delivered to Class Members by First Class Mail, based on address information gathered from business records of Defendants, and subsequent search of each name and address in the National Change of Address database.

7. The Court finds and determines that notice by First Class Mail given to Class Members in accordance with paragraph 6 of this Order constitutes the best notice practicable under the circumstances taking into account the nature of the claims and facts presented; that it constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice; and that it fully satisfies the requirements of due process and of Fed. R. Civ. P. 23. The court approves First Class, Inc., of Chicago, Ill as class administrator herein.

8. Any Class Member who desires to request exclusion from the Settlement Class, must submit a written Statement of Exclusion in the manner required by the Notice of Settlement and mailed to the ARL Class Settlement Administrator at the address by the deadline set forth in the class notice. Statements of Exclusion must be addressed to the ARL Class Settlement Administrator at the following address:

> ARL Settlement Class Administrator
> c/o First Class, Inc.
> 5410 W Roosevelt Rd, Ste 222
> Chicago, IL 60644-1490

9. A hearing will be held before the undersigned on January 26, 2016, at 1:30 P.M. in Courtroom No. 2 of the Roman Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a final judgment should be entered dismissing the claims of Plaintiff and the Class Members with prejudice and on the merits, as required by the Agreement; (c) and (c)

whether to approve the *cy pres* award requested by the parties. The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

10. Application for an award of attorney's fees, costs, and expenses to Plaintiff's Counsel ("Fee Petition") shall be filed with the Court no later than thirty (30) days after entry of the Final Approval Order.

11. Within 45 days of the entry of this Order, Defendants shall cause a declaration to be filed with the Court certifying that notice has been mailed by regular United States mail to the Settlement Class, as directed in this Order.

12. Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Settlement. Such written objections must be filed with the Court no later than the deadline set forth in the Notice of Settlement; must contain the objector's full name, telephone number, and current address; must declare that the objector is a member of the Class; and must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore. Copies of all materials also must be filed with the Clerk of Court and served upon counsel on or before the deadline set forth in the Notice of Settlement, at the following addresses:

>   Clerk of Court
>   Roman L. Hruska Federal Courthouse
>   111 South 18th Plaza
>   Suite 1152
>   Omaha, NE 68102

Pursuant to NECivR 23.1 (b), all notices to class members specifically state "that all documents sent to the court by any class member, including any letter or document expressing the member's desire to be excluded from the class and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review."

13. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Plaintiff's Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Settlement. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

14. Pursuant to Rule 23(c)(2)(B)(iv) any Class Member may enter an appearance through an attorney if the member so desires. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 9 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the Released Parties any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Agreement, if the Court approves the Proposed Settlement.

15. Upon the entry of final judgment after the Final Settlement Hearing, Plaintiff and all Class Members (except those who have served a timely Statement of

Exclusion) shall be forever barred from asserting against Released Parties any claims that are being released in accordance with paragraph 8 of the Agreement, and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims.

16. Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Agreement, which will occur after the date upon which the judgment in this action becomes not subject to further appeal or review, only Class Members who have not requested exclusion shall be entitled to a Settlement Payment as described in paragraph 5 of the Agreement.

17. The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants have at all times denied, and continue to deny, any allegation of wrongful act or omission alleged by Plaintiff in this Action and any liability of any sort to Plaintiff or any member of the Settlement Class. Nothing contained in the Agreement, in any document relating to the Agreement, or in this Order shall be construed, deemed or offered as an admission by Plaintiff or Defendants, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

18. The parties are ordered to take all reasonable steps necessary to complete this settlement.

19. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind

other than oral announcement at the Final Settlement Hearing or at any hearing thereafter.

Dated this 20th day of October, 2015

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge