IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KENNETH REYNOLDS, on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| | ) | 8:15CV25 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | FINDINGS AND |
| ARL CREDIT SERVICES, INC., DONETTE JABLONSKI, and RICHARD JABLONSKI, | ) ) ) ) | RECOMMENDATION |
| Defendants. | ) ) | |

This matter is before the Court on the parties' Joint Motion for Final Approval of Class Settlement and Plaintiff's Motion for Approval of Plaintiff's Attorneys' Fees and Costs (Filings 46, 38.) For the reasons explained below, the undersigned will recommend to Chief District Court Judge Laurie Smith Camp that the parties' Joint Motion for Final Approval of Class Settlement be granted and that Plaintiff's Motion for Approval of Attorneys' Fees be granted, in part.

## BACKGROUND

Plaintiff filed this action on January 15, 2015, alleging that Defendants violated the Fair Debt Collection Practices Act and the Nebraska Consumer Protection Act. (Filing 1.) The parties have reached a class-wide settlement. In summary, the settlement agreement provides that Defendants will establish a settlement fund of $15,120.00 to be divided equally among class members. Defendants will also pay the notice and administration costs. Plaintiff will request an award of $3,500.00 as statutory damage and a class representative fee. Additionally, the settlement agreement allows Plaintiff's counsel to apply for reasonable attorneys' fees and costs. (Filing 31-1.)

The undersigned entered a Findings and Recommendation on October 14, 2015, recommending to Chief District Court Judge Laurie Smith Camp that the Court preliminarily

approve the proposed settlement. (Filing 32.) Chief Judge Smith Camp adopted the Findings and Recommendation on October 20, 2015 (filing 33).

Thereafter, Defendants' counsel served notice of the proposed settlement on the United States Attorney General, Nebraska Secretary of State, Nebraska Attorney General, and several other state Attorney General and regulatory offices. Defendants' counsel has not received any objections from those offices. First Class, Inc., as the Settlement Administrator, mailed written notice of the settlement to the class on November 9, 2015. The notice informed class members of their rights, including their rights to object or exclude themselves from the settlement. Class members were required to exercise these rights by January 11, 2016. One class member elected to opt-out of the class. (Filing 53 at CM/ECF p. 4.) However, to date, no other requests for exclusion or objections have been received. On January 14, 2016, the parties filed a joint motion requesting that the Court issue a final order approving the settlement. (Filing 46.)

On December 22, 2015, Plaintiff's counsel filed a motion requesting an award of attorneys' fees and costs. (Filing 38.)

A fairness hearing was held before the undersigned on January 26, 2016, to determine whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the settlement class. The hearing also addressed Plaintiff's Motion for Approval of Plaintiff's Attorneys' Fees and Costs. No class member attended the hearing.

## DISCUSSION

### I. Joint Motion for Final Approval of Class Settlement

To determine whether the settlement is fair, reasonable, and adequate, the Court must consider (i) the merits of the plaintiff's case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Professional Firefighters Association of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012).

The undersigned heard the evidence and reviewed the proposed settlement agreement. One individual opted-out of the class. However, no other objections or comments by class members were received, and no class members appeared at the fairness hearing. The undersigned finds that the proposed settlement is fundamentally fair, reasonable, and adequate. Therefore, the undersigned will recommend final approval of the proposed class action settlement.

**II.     Motion for Attorneys' Fees and Costs**

Plaintiff's counsel requests an award of $37,470.45 for amounts incurred through December 14, 2015. Counsel also requests an award of $12,535.00 for time spent after December 14, 2015, most of which was incurred in connection with the application for attorneys' fees. Thus, the total award sought by Plaintiff's counsel is $51,737.59. The fee request is based on the work of three attorneys, with hourly rates ranging from $300 to $350 an hour. Two of the attorneys are located in Omaha, Nebraska. The third attorney is located in Chicago, Illinois.

Defendants dispute the amount of fees requested by Plaintiff. Defendants argue that Plaintiff's staffing of the case with three experienced lawyers was unnecessary and created inefficiencies. Defendants also maintain that Plaintiff's counsel is not entitled to an award of "fees on fees" for time spent responding to Defendants' opposition to the fee amount.

The Fair Debt Collection Practices Act allows a "reasonable" fee award. 15 U.S.C. §1692k(a)(3). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quotation omitted). Fee awards are often determined through a lodestar calculation. Under the lodestar method, courts calculate appropriate attorney's fees by using "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts consider a number of factors in evaluating the reasonableness of time spent, including the difficulty of the case, the experience of the attorneys, and awards in similar cases. *Id.* at 430.

The Court has reviewed the time records submitted by Plaintiff's counsel. Examining the time entries, the undersigned found some inefficiencies. For instance, there are a number of entries that Plaintiff's attorneys spent reviewing one another's work. While some overlap can be expected, the amount here is a bit excessive, especially given the extensive experience of Plaintiff's attorneys. The Court will not parse through the billing entries in an attempt to determine the reasonableness of every entry. Instead, the Court finds that $35,000.00 for amounts incurred for matters other than the dispute over attorneys' fees is appropriate.

According to the Court's calculations, Plaintiff's counsel spent approximately 44.9 hours working on the fee dispute, while approximately 111.54 hours were spent on other matters in the case. The Court finds the time spent addressing the fee dispute was excessive and disproportionate to the amount of time spent on the other issues. The Court finds *Coulter v. State of Tennessee*, 805 F.2d 146 (6th Cir. 1986) instructive on this issue. In *Coulter*, the Sixth Circuit Court of Appeals stated that the hours spent in litigating an attorney fee case "should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." *Id.* at 151. Plaintiff's counsel spent a large amount of time writing briefs which were unnecessarily lengthy. Defendants' basis for opposing the fee dispute was quite straight forward. Yet, Plaintiff's counsel wrote a forty-one page brief in support of the fee request. (Filing 39.) Defendants responded with a ten page brief (filing 42), which was then followed by a thirty-one page response by Plaintiff's counsel (filing 44). The undersigned finds an award of $5,000 appropriate for amounts incurred in connection with the fee dispute.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief District Court Judge Laurie Smith Camp that:

1. The Joint Motion for Final Approval of Class Settlement (filing 46) be approved and that the parties' proposed order regarding the same, which is attached to this Findings and Recommendation as Attachment A, be approved.

2. Plaintiff's Motion for Approval of Plaintiff's Attorneys' Fees and Costs (filing

38) be granted, in part, and that Plaintiff be awarded attorneys' fees and costs in the amount of $40,000.00

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED February 24, 2016.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

Kenneth Reynolds, On behalf of himself and all others similarly situated,

Plaintiff,

v.

ARL Credit Services, Inc., Donette Jablonski, and Richard Jablonski,

Defendants.

Civil File No. 8:15-CV-25 LSC-FG3

**[PROPOSED] FINAL ORDER AND JUDGMENT**

On January 15, 2015, Plaintiff Kenneth Reynolds ("Plaintiff or Class Representative") filed the above-captioned class action lawsuit ("Lawsuit"), against Defendants. Plaintiff asserted class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, et seq., and the Nebraska Consumer Protection Act (hereinafter referred to as the "NCPA"), Neb. Rev. Stat. §59-1601, et seq.

Defendants deny any and all liability alleged in the Lawsuit.

On or about September 10, 2015, after extensive arms-length negotiations, Plaintiff and Defendants (or, when referred to jointly with Plaintiff, the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On September 11, 2015, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than ninety (90) prior to the Fairness Hearing, counsel for the Defendants served written notice of the proposed class settlement on the appropriate federal and state officials.

On October 20, 2015, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Kenneth Reynolds as the Class Representative; (iv) appointed William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On November 3, 2015, the Court entered an Order approving an amended class notice.

On January 14, 2016, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On January 26, 2016, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3. CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

> All Nebraska residents who were sent a letter in the form of Exhibit A to the Complaint, by Defendants, in attempt to collect a debt incurred for personal, family or household purposes, during the period January 15, 2014 through the date of preliminary approval of class certification.

The Defendants represent that there are 742 households in the Class.

4. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kenneth Reynolds as the Class Representatives and William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, as Class Counsel.

5. NOTICES – Pursuant to the Court's Preliminary Approval Order and Order approving amended class notice, the approved class action notices were mailed to the Class Members. The form and method for notifying the Class Members of the settlement and its terms

3

and conditions was in conformity with this Court's Orders and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

6. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment

obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

8. SETTLEMENT TERMS – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement. The Plaintiff is awarded $3,500 as statutory damages and for his services as the class representative. The Class is awarded $15,120 as statutory damages to be divided equally by letter among the class members who do not request exclusion. Any undistributed amounts are awarded as a *cy pres* remedy to the Legal Aid of Nebraska for use in consumer representation and/or consumer education.

9. OBJECTIONS AND EXCLUSIONS – The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement. One member of the Class made a valid and timely request for exclusion and is excluded from the class and settlement and is not bound by this Order. The identity of the person excluded from the settlement and this Order is: Kelda Speicher of Columbus, Nebraska.

10. This Order is binding on all Class Members except Kelda Speicher, who validly and timely excluded herself from the class.

11. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT – The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Except for the determination of an award of attorneys fees and costs (see # 12 below) pursuant to the release contained in the Agreement, the Released Claims are

compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12. The Court will rule separately on Plaintiff's pending petition for an award of attorneys' fees, costs.

13. The Lawsuit is hereby dismissed with prejudice in all respects, except that the Court retains jurisdiction to determine or approve Plaintiff's attorneys' fees and costs.

14. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and attorneys' fees.

IT IS SO ORDERED.

DATED: _____          _____
                                THE HONORABLE LAURIE SMITH CAMP