# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH REYNOLDS, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ARL CREDIT SERVICES, INC., DONETTE JABLONSKI, AND RICHARD JABLONSKI,<br><br>Defendants. | 8:15CV25<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Attorney's Fees and Costs (Filing No. 38) and the parties' Joint Motion for Final Approval of Class Action Settlement (Filing No. 46). The Parties appeared before United States Magistrate Judge F.A. Gossett for a hearing on these matters on January 1, 2016. Judge Gossett filed a Findings and Recommendation (Filing No. 54) on February 24, 2016. No party objected to Judge Gossett's Findings and Recommendation.

## BACKGROUND

On January 15, 2015, Plaintiff Kenneth Reynolds ("Plaintiff or Class Representative") filed the above-captioned class action lawsuit ("Lawsuit"), against Defendants. Plaintiff asserted class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, et seq., and the Nebraska Consumer Protection Act (hereinafter referred to as the "NCPA"), Neb. Rev. Stat. §59-1601, et seq. Defendants deny any and all liability alleged in the Lawsuit. On or about September 10, 2015, after extensive arms-length negotiations, Plaintiff and Defendants (or, when referred to jointly with Plaintiff, the "Parties") entered into a Class Action

Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On September 11, 2015, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, more than 90 days prior to the Fairness Hearing, counsel for the Defendants served written notice of the proposed class settlement on the appropriate federal and state officials.

On October 20, 2015, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (Filing No. 33) (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Kenneth Reynolds as the Class Representative; (iv) appointed William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On November 3, 2015, the Court entered an Order approving an amended class notice (Filing No. 35). On January 14, 2016, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On January 26, 2016, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court. Judge Gossett received evidence and reviewed the Parties' Proposed Settlement Agreement. Considering the law and the record before the Court, Judge Gossett recommended that the proposed settlement was fundamentally fair, reasonable, and adequate. Judge Gossett also reviewed the Plaintiffs' Motion for Attorney's Fees and Costs, and recommended that the Motion be granted, in part, with an award of fees and costs in the amount of $40,000.

## STANDARD OF REVIEW

The Court reviews a magistrate judge's findings and recommendation according to the statutory standard stated in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* Fed.R.Civ.P. 72(b) (stating identical requirements). If a party files an objection to the magistrate judge's findings and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any

more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

## DISCUSSION

I. **Settlement Agreement**

Under Rule 23(e)(1)(C) the Proposed Settlement must be fair, reasonable, and adequate in the way the Proposed Settlement addresses the interests of all those who will be affected by it. To determine whether the settlement is fair, reasonable, and adequate, the Court must consider (i) the merits of the plaintiff's case, weighed against the terms of the settlement; (ii) the defendant's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement. *Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012). The Eighth Circuit has stated:

> A strong public policy favors agreements, and courts should approach them with a presumption in their favor. Although a trial court must consider the terms of a class action settlement to the extent necessary to protect the interests of the class, judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel.

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (internal marks and citations omitted).

The Court has considered the law, the Parties' proposed agreement, and all arguments and written submissions made in connection with the matter. Though one class member opted out, no objections or comments by Class Members were received, and no Class Members appeared at the fairness hearing. For the reasons stated in Judge Gossett's Findings and Recommendation, the Court concludes the settlement is

fair, reasonable, and adequate. Accordingly, the parties' proposed settlement agreement will be adopted as set forth below.

## II. Motion for Attorney's Fees and Costs

Plaintiffs seek a total award of $51,737.59 for attorney's fees and costs, as permitted by 15 U.S.C. § 1692k(a)(3). Judge Gossett recommends that the total award be reduced to $40,000.00. In making his recommendation, Judge Gossett performed a thorough review of the record, including a detailed calculation of the hours spent working on the fee dispute compared to time spent on other matters in this case. Based on Judge Gossett's lodestar analysis, *Hensley v. Eckerhart,* 461 U.S. 424, 430, 433 (1983), he concluded that some of Plaintiffs' requested fees were for work that was unnecessary or duplicative. The Court has reviewed Judge Gossett's Findings and Recommendation as well as the record in this case and concludes that the Findings and Recommendation should be adopted. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 54) of United States Magistrate Judge F.A. Gossett (Filing No. 46) are adopted in their entirety.

2. The Parties' Joint Motion for Final Approval of Class Action Settlement (Filing No. 46) is granted.

3. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

4. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

5.  <u>CLASS MEMBERS</u> - Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

> All Nebraska residents who were sent a letter in the form of Exhibit A to the Complaint, by Defendants, in attempt to collect a debt incurred for personal, family or household purposes, during the period January 15, 2014, through the date of preliminary approval of class certification.

The Defendants represent that there are 742 households in the Class.

6.  <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> - Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kenneth Reynolds as the Class Representative and William L. Reinbrecht and Pamela A. Car of the law firm CAR & REINBRECHT and O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIA TES, as Class Counsel.

7.  <u>NOTICES</u> - Pursuant to the Court's Preliminary Approval Order and Order approving amended class notice, the approved class action notices were mailed to the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Orders and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

8.  <u>FINAL CLASS CERTIFICATION</u> - The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

c. The claims of the Class Representative are typical of the claims of the Class Members;

d. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

9. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

10. <u>SETTLEMENT TERMS</u> - The Agreement (Filing No. 31-1), which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as

amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement. The Class Representative is awarded $3,500 as statutory damages and for his services. The Class is awarded $15,120 as statutory damages to be divided equally by letter among the class members who do not request exclusion. Any undistributed amounts are awarded as a *cy pres* remedy to Legal Aid of Nebraska for use in consumer representation and/or consumer education.

11. <u>OBJECTIONS AND EXCLUSIONS</u> - The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement. One member of the Class made a valid and timely request for exclusion and is excluded from the class and settlement and is not bound by this Order. The identity of the person excluded from the settlement and this Order is: Kelda Speicher of Columbus, Nebraska.

12. This Order is binding on all Class Members except Kelda Speicher, who validly and timely excluded herself from the class.

13. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> - The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Except for the determination of an award of attorney's fees and costs pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

14. The Lawsuit is hereby dismissed with prejudice in all respects.

15. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

16. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and attorney's fees.

17. The Motion for Attorney's Fees and Costs (Filing No. 38) is granted, in part, as follows: Plaintiffs' counsel are awarded attorney's fees and costs in the amount of $40,000.00.

Dated this 30th day of March, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge